# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ALEXANDER PALOMAREZ,

      Petitioner,

v.                                 No. 17-CV-01026-JCH-KBM

DARIN YOUNG, *Warden, South*
*Dakota State Penitentiary*,

      Respondent.

## ORDER OF TRANSFER

THIS MATTER is before the Court on Petitioner Alexander Palomarez's "Petition for Relief w/ Documents in Support of," which challenges the constitutional validity of Petitioner's South Dakota state criminal conviction and sentence based on Petitioner's actual innocence and the ineffective assistance rendered by his trial counsel. [*See* Doc. 2] Also before the Court are various motions filed by Petitioner which seek, *inter alia*, appointment of counsel, immediate release from custody, to vacate his criminal conviction, and to be exonerated of all criminal charges. [Docs. 6, 8, 16, 18] Petitioner is incarcerated and proceeding pro se. For the reasons explained below, this action will be transferred to the United States District Court for the District of South Dakota.

Petitioner, a South Dakota state prisoner, "is challenging the very fact or duration of his physical imprisonment" and seeking "a determination that he is entitled to immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, "his sole federal remedy is a writ of habeas corpus." *Id.* A writ of habeas corpus under 28 U.S.C. § 2254 "is the proper avenue for attacking the validity of a [state] conviction and sentence." *Yellowbear v. Wyoming*

*Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). The Petitioner "is currently in custody under a state-court judgment" and, as such, the proper respondent is "the state officer who has custody" of Petitioner. Rule 2(a) of the Rules Governing Section 2254 Cases In the United States District Courts. Petitioner's "Petition for Relief w/ Documents in Support of" properly names Darin Young, the Warden of the South Dakota Penitentiary, as the Respondent in this action. [*See* Doc. 2] Respondent Young resides in South Dakota, Petitioner currently is confined in South Dakota, and the events or omissions giving rise to Petitioner's claims all occurred in South Dakota. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 2241(d). Therefore, venue is proper in the District of South Dakota.

"A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice." *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). Pursuant to § 1406(a) "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court finds that it is in the interest of justice to transfer this case to the District of South Dakota.

IT IS THEREFORE ORDERED that Clerk of the Court is directed to transfer this case to the United States District Court for the District of South Dakota.

_____
UNITED STATES DISTRICT JUDGE